# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STEVE MANIACI, on behalf of himself and others similarly situated, | Case No. 2:25-cv-11722-BRM-EAS |
| Plaintiff, | Hon. Brandy R. McMillion |
| v. | Hon. Elizabeth A. Stafford |
| GURU FINANCE GROUP LLC, | **CLASS ACTION** |
| Defendant. | |

## **STIPULATED CONFIDENTIALITY ORDER**

Subject to the Court's approval, the parties agree as follows:

1. **Confidential Information** – Any document or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available (such as research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2. **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be used to prosecute or defend this action and shall not be used to contact putative class members without leave of the Court or disclosed to (or the content discussed with) anyone other than the following persons:

1

    a.    The named parties in this case, their attorneys, and their support staff (e.g., copying and document management personnel).

    b.    Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A.

    c.    Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

    d.    This Court and its staff members.

3.    **Deposition Testimony** – Any portions of requested testimony, a transcript and/or a brief may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the party or attorney making the designation reasonably and in good faith believes it will reveal a trade secret or other confidential research and development, commercial, or sensitive information.

4.    **Motion Practice** – All documents, testimony, and information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that are submitted to the Court Clerk as part of a motion or other paper shall be filed pursuant to Local Rule 5.3.

5. **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. Third parties may designate information produced as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER".

6. **Challenging "Confidential" Designation** – Any party that wishes to challenge the designation of any document, thing, or testimony as confidential under Federal Rule of Civil Procedure 26(c) must first attempt to resolve the challenge with the designating party. The designating party shall have the burden of justifying its designation. If the challenge is unable to be resolved, the parties must reach out to the Court's Case Manager and request that the Court hold a status conference in an effort to resolve the dispute. If the Court is unable to resolve the dispute, the Court will allow for the filing of a motion.

7. **Trial Testimony** – This Protective Order shall not govern proceedings at trial.

8. **Termination of Lawsuit** – All documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things the Court

determines are not confidential. Outside litigation counsel for each party may keep a copy of all pleadings and other documents filed with the Court for their files.

9. **Inadvertent Production of Privileged Material** – Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days.

10. **No Authorization to File Documents Under Seal** – This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. See Local Rule 5.3. No party shall file or otherwise tender to the

Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

11. **Filing of Motion or Stipulation to Seal** – Whenever a motion or stipulation to seal is filed, the party seeking to file under seal shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted via the link located under the "Utilities" section of CM/ECF.

**SO ORDERED.**

Dated:  September ___, 2025

_____
Hon. Brandy R. McMillion
U.S. DISTRICT JUDGE

Respectfully submitted,

/s/_____
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

George T. Blackmore
BLACKMORE LAW PLC
1100 Owendale Drive
Suite M
Troy, MI 48083
Phone: (888) 835-2993
george@blackmore.com

*Attorneys for Plaintiff Steve Maniaci*

/s/_____
Jeffrey A. Backman
Roy Taub
GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954-491-1120
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com

Douglas R. Sargent (MI Bar No. P82126)
227 W. Monroe Street, Suite 3950
Chicago, IL 60606
Telephone :  773-395-1548

*Attorneys for Defendant
Guru Finance Group, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STEVE MANIACI, on behalf of himself and others similarly situated, | ) ) ) Case No. 2:25-cv-11722-BRM-EAS |
| Plaintiff, | ) ) Hon. Brandy R. McMillion |
| v. | ) ) Hon. Elizabeth A. Stafford |
| GURU FINANCE GROUP LLC, | ) ) **CLASS ACTION** |
| Defendant. | ) ) |

EXHIBIT A
AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

I, _____, declare as follows:

1. I have read the Protective Order in the above captioned case.

2. I promise that I will only use the documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that are given to me for purposes of this lawsuit.

3. I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" with anyone other than the persons described in the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of the Agreed Confidentiality Order.

6

5. I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or information learned from the documents or things, in any manner contrary to the provisions of the Agreed Confidentiality Order may subject me to sanctions for contempt of court.

Date: _____, 2025          _____
                                                                                         [Signature]